**Slip Op. 13-** 140

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **HOME MERIDIAN INTERNATIONAL, INC. D/B/A SAMUEL LAWRENCE FURNITURE CO. D/B/A PULASKI FURNITURE CO.,** | |
| Plaintiff, | |
| **GREAT RICH (HK) ENTERPRISES CO., LTD., DONGGUAN LIAOBUSHANGDUN HUADA FURNITURE FACTORY, NANHAI BAIYI WOODWORK CO., LTD., and DALIAN HUAFENG FURNITURE GROUP CO., LTD.,** | |
| Consolidated Plaintiffs, | |
| v. | **Before: Jane A. Restani, Judge** |
| **UNITED STATES,** | **Consol. Court No. 11-00325** |
| Defendant, | |
| **AMERICAN FURNITURE MANUFACTURERS COMMITTEE FOR LEGAL TRADE and VAUGHAN-BASSETT FURNITURE COMPANY, INC.,** | |
| Defendant-Intervenors. | |

**OPINION**

[Final Results of Redetermination in antidumping review sustained.]

Dated: November 14, 2013

Kristin H. Mowry, Jeffrey S. Grimson, Jill A. Cramer, Rebecca M. Janz, Sarah M. Wyss, and Susan L. Brooks, Mowry & Grimson, PLLC, of Washington, DC, for Plaintiff and Consolidated Plaintiffs Great Rich (HK) Enterprises Co., Ltd. and Dongguan Liaobushangdun Huada Furniture Factory.

        Ned H. Marshak, Bruce M. Mitchell, and Mark E. Pardo, Grunfeld Desiderio
Lebowitz Silverman & Klestadt, LLP, of New York, NY and Washington, DC, for Consolidated
Plaintiff Nanhai Baiyi Woodwork Co., Ltd.

        Lizbeth R. Levinson and Ronald M. Wisla, Kutak Rock LLP, of Washington, DC,
for Consolidated Plaintiff Dalian Huafeng Furniture Group Co., Ltd.

        Carrie A. Dunsmore and Stephen C. Tosini, Trial Attorneys, Commercial
Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for
Defendant.  With them on the brief were Stuart F. Delery, Acting Assistant Attorney General,
Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.  Of Counsel on the
brief was Justin R. Becker, Attorney, Office of the Chief Counsel for Import Administration,
U.S. Department of Commerce, of Washington, DC.

        J. Michael Taylor, Daniel L. Schneiderman, Joseph W. Dorn, Mark T. Wasden,
and Prentiss L. Smith, King & Spalding, LLP, of Washington, DC, for Defendant-Intervenors.

        Restani, Judge:  This matter is before the court following a remand to the

Department of Commerce ("Commerce") in Home Meridian International, Inc. v. United States,

922 F. Supp. 2d 1366 (CIT 2013) ("HMI").  The court found that Commerce's application of its

surrogate valuation methodology was not supported by substantial evidence in this case.  Id. at

1376–77.  Furthermore, the court found that the use of Insular Rattan and Native Products'

("Insular Rattan") 2009 financial statement was improper.  Id. at 1382.  The court remanded

these issues to Commerce, which issued a Final Results of Second Redetermination Pursuant to

Court Order, ECF No. 130 ("Remand Results").  For the reasons stated below, Commerce's

Remand Results are sustained.

## BACKGROUND

        In HMI, the court addressed two issues.  First, Plaintiff Home Meridian

International, Inc. contested the use of surrogate values to value Consolidated Plaintiff Dalian

Huafeng Furniture Group Co., Ltd.'s ("Huafeng") factors of production for wood inputs.  See

HMI, 922 F. Supp. 2d at 1370.  The court determined that Commerce did not support by

substantial evidence its decision to use surrogate values in the light of reliable evidence regarding

Huafeng's market-economy purchases of these inputs.  Id. at 1375–77.  Second, the court held

that Commerce did not support by substantial evidence its finding that Insular Rattan's financial

statement was acceptable for financial ratio calculations.  Id. at 1382.  The court gave Commerce

an opportunity to seek to reopen the record regarding Huafeng's wood inputs.  Id.  Commerce

declined to do so.  Otherwise, the court ordered Commerce to 1) use Huafeng's market-economy

wood input purchase values to calculate normal value and 2) omit Insular Rattan's financial

statement in its financial ratio calculations.  Id.

### JURISDICTION AND STANDARD OF REVIEW

The court has jurisdictions pursuant to 28 U.S.C. § 1581(c) (2006).  "The court

shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by

substantial evidence on the record, or otherwise not in accordance with law . . . ."  19 U.S.C.

§ 1516a(b)(1)(B)(i).

### DISCUSSION

I.   **Value of Huafeng's Wood Inputs**

In its initial determination, Commerce used surrogate values to calculate the

normal value of Huafeng's products.  See HMI, 922 F. Supp. 2d at 1370.  Plaintiff argued that

the method employed by Commerce for the calculation was not the method required under the

relevant statutory provisions.  Id.  The court determined that the statute was written ambiguously

such that Commerce could use any reasonable method of valuation it found appropriate, provided

that its determination was supported by substantial evidence.  Id. at 1374.  The use of

Commerce's chosen surrogate values in this case was not supported by substantial evidence, and

therefore the court ordered that Commerce either seek to reopen the record or use Huafeng's

actual market-economy wood input purchases to value the inputs.  Id. at 1382.  In its Remand

Results, Commerce used Huafeng's actual market-economy wood input purchases and calculated

a margin of 11.79 percent.  Remand Results at 17.  Commerce has complied with the court's

order in this respect.

Defendant-Intervenors American Furniture Manufacturers Committee for Legal

Trade and Vaughan-Bassett Furniture Company, Inc. ("AFMC") summarily adopt the arguments

in their previously denied request for reconsideration in order to preserve them for appeal.  See

AFMC's Cmts. Concerning Commerce's Final Results of Second Redetermination Pursuant to

Court Order, ECF No. 133, 1–2.  Because AFMC does not attempt to raise any new argument

with respect to the Remand Results, the court will not reconsider AFMC's arguments at this

juncture.  As no other party challenges this aspect of the Remand Results, the court sustains

Commerce's redetermination.

## II.    Insular Rattan's 2009 Financial Statement

Commerce initially used Insular Rattan's 2009 financial statement to calculate

surrogate financial ratios.  See HMI, 922 F. Supp. 2d at 1380.  AFMC  previously argued that

Commerce used this incomplete financial statement contrary to evidence that called into question

its reliability.  Id.  In HMI, the court held that Commerce could not use Insular Rattan's

incomplete financial statement.  See id. at 1382.  Commerce complied with this order, and the

parties have not contested this aspect of the Remand Results in their comments before the court.

Consol. Court No. 11-00325                                              Page 5

**CONCLUSION**

    For the foregoing reasons, the court finds that Commerce has complied with the

court's order in <u>HMI</u>, and the <u>Remand Results</u> are SUSTAINED.  Judgment will issue

accordingly.


                                              <u>/s/ Jane A. Restani</u>
                                                Jane A. Restani
                                                    Judge

Dated: November 14, 2013
       New York, New York